UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

THERESA SAUTTER,

              Plaintiff,          Civil No. 14-5729 (NLH/KMW)

v.

                                         **OPINION**

COMCAST CABLE COMPANY,

              Defendant.
_____

**APPEARANCES:**

Roger A. Barbour, Esquire
Barbour & Associates LLC
10 North Chestnut Avenue
Maple Shade, New Jersey 08052

    *Attorneys for Plaintiff*

Frank A. Chernak, Esquire
Ballard Spahr LLP
210 Lake Drive East
Suite 200
Cherry Hill, New Jersey 08002

    *and*

Christopher T. Cognato, Esquire
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103

    *Attorneys for Defendant*

**HILLMAN, District Judge**:

    Presently before the Court is a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by

1

Defendant, Comcast Cable Company.  Plaintiff, Theresa Sautter, opposes the motion.  The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78.  For the reasons that follow, Defendant's motion is denied without prejudice.

I.   BACKGROUND

Plaintiff initiated this action by filing a complaint in the Superior Court of New Jersey, Law Division, Burlington County.  She alleges in her complaint that she was employed by Defendant for twenty years and one month.  (Compl. ¶ 2.)  At the time her employment with Defendant ceased, she was fifty-six years old and was about to turn fifty-seven two months later.  (Id. ¶ 3.)  Apparently in anticipation of turning fifty-seven, Plaintiff contacted the Human Resources Manager, Magda Carroll, to inquire about her retirement options.  (Id. ¶ 5.)  According to Plaintiff, Ms. Carroll advised Plaintiff that she did not have to wait until she turned fifty-seven to retire, but could retire immediately and still receive Comcast's standard retirement package.  (Id. ¶ 7.)  This package included receiving cable services for three years at a reduced rate of approximately $50 per month, as well as a monthly stipend toward the cost of Plaintiff's monthly health care insurance premium.  (Id. ¶¶ 8, 9.)  In reliance upon the advice of Ms. Carroll,

Plaintiff avers that she retired immediately rather than waiting two months until she turned fifty-seven. (Id. ¶¶ 14, 40.) Defendant, however, apparently has not provided Plaintiff with the benefits that she was told she would receive. (Id. ¶ 41.)

Plaintiff's complaint contains eight counts for alleged state law violations. These counts include negligence, unjust enrichment, "agent breaching duty to principal," breach of contract, breach of implied covenant of good faith and fair dealing, detrimental reliance, promissory estoppel, and implied contract in-fact. Defendant removed the action to this Court on the basis that Plaintiff's complaint alleges a cause of action for alleged failure to provide Plaintiff with benefits pursuant to a retirement plan that is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and, as such, is predicated upon a federal question.

Defendant now moves to dismiss the complaint, asserting that Plaintiff's state law claims are preempted under ERISA. Specifically, Defendant argues that the contract referred to in the complaint is an employee welfare benefit plan governed by ERISA and subject to ERISA's preemption provision. (Br. in Supp. of Mot. of Def. to Dismiss the Compl. [Doc. No. 6-3] 1.) According to Defendant, Plaintiff's state law claims fall within ERISA's preemption provision because they "relate to" Defendant's "standard retirement package," a plan or fund which,

3

Plaintiff implicitly alleges, exists in order to provide employees like her with retirement income. (Id. at 5.) Defendant relies on Section 514 of the statute, which "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." (Id. (quoting 29 U.S.C. § 1144(a)). Defendant also moves to dismiss the complaint under the "economic loss doctrine," which bars tort claims that sound in contract, and on grounds that the complaint fails to meet the pleading requirement of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). (See id. at 8-16.)

In opposition to the motion to dismiss, Plaintiff does not address Defendant's preemption argument. The thrust of Plaintiff's opposition is that she has submitted sufficient facts to demonstrate that Defendant committed a wrong, and Plaintiff must therefore be permitted to pursue her claim in a court of law. (Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss the Compl. for Failure to State a Claim [Doc. No. 8] 9-10.) In this regard, Plaintiff states: "Intentionally, negligently or whatever way, the Defendant has established a valid cause of action for Plaintiff to pursue in court. . . . Thus, Plaintiff has certainly presented justiciable claims and issues which

require redress by the court, and submission of the claims to the trier-of-fact." (Id. at 10.)

## II. DISCUSSION

A defendant may remove a civil action from state court to the appropriate federal district court if the action pled by the plaintiff is one over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or actions between citizens of different States when the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a).

Generally, when considering the propriety of removal, courts look to the allegations in the complaint to determine whether a basis for federal jurisdiction exists. Under the "well-pleaded complaint" rule, federal question jurisdiction exists when an issue of federal law appears on the face of the complaint. Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d Cir. 2001). "A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal

5

court." Dukes v. United States Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995)(citation omitted).

However, "[t]he Supreme Court has recognized an exception to the well-pleaded complaint rule -- the 'complete preemption' exception -- under which 'Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Dukes, 57 F.3d at 354 (quoting in part Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)). The "complete preemption" doctrine has only been recognized in three instances: § 301 of the Labor Management Relations Act, § 502(a) of ERISA, and §§ 85 and 86 of the National Bank Act. New Jersey Carpenters and the Trustees Thereof v. Tishman Const. Corp. of New Jersey, 760 F.3d 297, 302 (3d Cir. 2014) (citations omitted).

Section 502(a) of ERISA "'is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.''" Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 399–400 (3d Cir. 2004) (quoting Aetna Health, 542 U.S. at 209, 124 S. Ct. 2488), cert. denied, 546 U.S. 813, 126 S. Ct. 336, 163 L. Ed. 2d 48 (2005); see also Dukes, 57 F.3d at 354 ("The Supreme Court has determined that

6

Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil-enforcement provisions"). "As a result, state law causes of action that are 'within the scope of . . . § 502(a)' are completely pre-empted and therefore removable to federal court." Pascack Valley Hosp., 388 F.3d at 400 (internal citations omitted). Under Section 502, a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).

As noted by Defendant, Section 514 of ERISA also provides for preemption of state law claims that relate to any covered employee benefit plan. 29 U.S.C. § 1144(a). However, unlike Section 502(a), which is jurisdictional and creates a basis for removal to federal court, preemption under Section 514 displaces state law for federal law but does not confer federal jurisdiction. Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000), cert. denied, 533 U.S. 930, 121 S. Ct. 2552, 150 L. Ed. 2d 719 (2001). "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to

7

the state court where the preemption issue can be addressed and resolved." Dukes, 57 F.3d at 355.

Here, although Defendant removed the action to federal court on the basis of ERISA preemption, it is not clear at this time that the action was properly removed. At no point does Defendant argue that any of Plaintiff's claims are completely preempted under Section 502(a) of ERISA. Defendant argues in its motion to dismiss only that Plaintiff's claims are preempted under Section 514 because they "relate to" an employee benefit plan.[1] But, as noted above, Section 514 preemption does not provide the Court with federal jurisdiction over Plaintiff's claims.

Although Plaintiff did not move to remand the matter to state court, this Court has an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the

---

[1] If Plaintiff's claims are completely preempted by § 502(a), the Court need not consider preemption under § 514(a). Fritzky v. Aetna Health, Inc., Civ. A. No. 08-5673, 2009 WL 2905374, at *5 (D.N.J. Sept. 4, 2009). Because Defendant only argues for preemption under § 514(a), the Court questions whether any of the state law claims in the complaint are completely preempted by § 502(a).

8

courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256 (3d Cir. 1977)).  The Court must remand a case if it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

    Until the Court establishes whether the case was properly removed, the Court cannot resolve Defendant's argument that Plaintiff's state law claims are preempted under Section 514.  <u>Dukes</u>, 57 F.3d at 355.  Therefore, the Court will require supplemental briefing on the jurisdictional issues under Section 502.  In the event the Court concludes that removal was proper, Defendant may raise its arguments concerning Section 514 preemption, if necessary, in a renewed motion to dismiss.

### III. <u>CONCLUSION</u>

    For the reasons set forth above, the Court cannot resolve Defendant's argument regarding preemption under Section 514 of ERISA until Defendant establishes that this action was properly removed.  Accordingly, Defendant's motion to dismiss is denied without prejudice to Defendant's right to file a

renewed motion should the Court find that it has subject matter jurisdiction over this action.

                                              s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

Dated: May 20, 2015

At Camden, New Jersey