Frank A. Chernak, Esquire
Christopher T. Cognato, Esquire
BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1163
(856) 761-3400
*Attorneys for Comcast Cable Communications Management, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THERESA SAUTTER, | : | |
| | : | Civil Action No. 14-5729-NLH-KMW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S** |
| COMCAST CABLE COMPANY, | : | **SUPPLEMENTAL BRIEF** |
| | : | **REGARDING REMOVAL** |
| | : | |
| Defendant. | : | |

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III.   ARGUMENT ....................................................................................................... 3

       A.     **Plaintiff's Claims Fall within the Subject Matter Jurisdiction of this Court.** ........................................................................................................ 3

              1.     ERISA Completely Preempts Any State-Law Cause of Action within the Scope of Section 502(a). .............................................. 3

              2.     Section 502(a) Provides a Cause of Action for ERISA-Plan Participants or Beneficiaries to Recover Benefits, Enforce Their Rights, or Clarify Their Rights under the Plan. ........................... 4

              3.     Plaintiff's Claims Are within the Scope of Section 502(a) ......... 5

IV.    CONCLUSION ................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004) ................................................................................................. 3

*Albright v. Oliver*,
   510 U.S. 266 (1994) ................................................................................................. 2

*Allocca v. Wachovia*,
   No. 05-0366, 2005 U.S. Dist. LEXIS 26456 (D.N.J. Nov. 4, 2005) .............. 3, 5, 6, 7

*Bridges v. Principal Life Insurance Co.*,
   132 F. Supp. 2d 1325 (M.D. Ala. 2001) .................................................................. 6

*Dukes v. United States Healthcare, Inc.*,
   57 F.3d 350 (3d Cir. 1995) ....................................................................................... 3

*Lamonica v. Guardian Life Ins. Co. of Am.*,
   No. 96-6020, 1997 U.S. Dist. LEXIS 1988 (D.N.J. Feb. 20, 1997) ......................... 5

*Levine v. United Healthcare Corp.*,
   402 F.3d 156 (3d Cir. 2005) ..................................................................................... 3

*Metropolitan Life Ins. Co. v. Taylor*,
   481 U.S. 58 (1987) ................................................................................................... 3

*Pasack Valley Hosp. v. Local 464 UFCW Welfare Retirement Plan*,
   388 F.3d 393 (3d Cir. 2004) .................................................................................. 3, 4

*Pryzbowski v. U.S. Healthcare, Inc.*,
   245 F.3d 266 (3d Cir. 2001) ..................................................................................... 3

*Weinstein v. Paul Revere Ins. Co.*,
   15 F. Supp. 2d 552 (D.N.J. 1998) ............................................................................ 5

*West Penn Allegheny Health Sys., Inc. v. UPMC*,
   627 F.3d 85, 97 (3d Cir. 2010) ................................................................................ 5

**FEDERAL STATUTES**

29 U.S.C. § 1002 ........................................................................................................ 4, 7

29 U.S.C. § 1132(a)(1) ............................................................................................... 1, 4

Defendant Comcast Cable Communications Management, ("Comcast") respectfully submits this brief to address the issue raised in this Court's May 20, 2015 Opinion and Order. (Dkt. No. 10). For the reasons explained below, Comcast requests that this Court determine it has jurisdiction over the claims of Theresa Sautter ("Plaintiff") and permit Comcast leave to renew its Motion to Dismiss.

## I.     INTRODUCTION

Plaintiff asserts eight claims in her Complaint, each of which presents an alternate cause of action for Plaintiff's solitary legal theory: Comcast owes her retirement benefits under the terms of a retirement plan it makes available to certain of its employees. According to Plaintiff, in conversations with Comcast employee Magda Carroll, she was promised the benefits provided by the plan and, because of the specific circumstances of those conversations, Comcast must honor this promise. In other words, if Plaintiff's recitation of the relevant facts and the legal principles is correct, Comcast must pay her benefits, which according to Plaintiff, are based on "Comcast's standard retirement package." (Compl. [Dkt. # 1] at ¶ 7; *see also id.* ¶ 8-9 (referring to "Comcast's retirement package")).

Each of her claims, therefore, relates to an ERISA-governed employee benefit plan provided by her employer. Thus, each claim falls squarely within the scope of the civil enforcement provisions of Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1) (2014), and is within this Court's subject matter jurisdiction.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Comcast employed Plaintiff for twenty years.  (Compl. at ¶ 1, 4 [Dkt. #1, Ex. A]).  In April of 2014, Plaintiff contacted Comcast human resources employee Magda Carroll regarding the retirement benefits that Comcast offered its employees.  (*Id.* at ¶ 5).  At the time, Plaintiff was 56 years old.  (*Id.* at ¶ 3).  She would turn 57 on June 14, 2014.  (*Id.* at ¶ 4).  Plaintiff alleges that Ms. Carroll advised her that "she did not have to wait until she turned 57 years old . . . to retire from Comcast" and that, if she retired immediately, Plaintiff would be entitled to "Comcast's standard retirement package."  (*Id.* at ¶ 7).  According to Plaintiff, this package consists of (1) three years of cable service for approximately $50.00 per month and (2) a stipend of either $463.00 or $630.00 per month to offset the cost of Plaintiff's monthly health care insurance costs.  (*Id.* at ¶¶ 7, 8, 39, 61).  Plaintiff resigned from employment with Comcast on or about April 15, 2014, two months before she turned 57.  (*Id.* at ¶ 4).

On July 25, 2014, Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1780-14.  She served the Complaint on Comcast on August 15, 2014.  On September 15, 2014, Comcast filed a timely Notice of Removal, stating that Plaintiff's claims involved and were predicated upon a federal question – i.e., her rights to benefits pursuant to a plan governed by ERISA.  (*See* Notice of Removal [Dkt. #1] at ¶¶ 6-7).  On October 6, 2014, Comcast filed a Motion to Dismiss the Complaint.  (Motion to Dismiss [Dkt. #6]).  On May 20, 2014, this Court denied Comcast's Motion without prejudice and requested supplemental briefing on the issue of whether the case was properly removed under Section 502(a) of ERISA.  (May 20, 2014 Order [Dkt. #11]).

---

[1]     For purposes of this brief only, Comcast accepts all well-pleaded allegations in the Complaint.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).

### III. ARGUMENT

#### A. Plaintiff's Claims Fall within the Subject Matter Jurisdiction of this Court.

##### 1. ERISA Completely Preempts Any State-Law Cause of Action within the Scope of Section 502(a).

ERISA's extraordinarily broad preemptive power is well-established. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). As this Court noted in its May 20, 2015 Opinion, ERISA is one of only three federal statutes through which Congress has "completely preempted" a particular area, rendering any complaint that falls within that area "'necessarily federal in character.'" (May 20, 2015 Opinion [Dkt. #10] at 6 (quoting *Dukes v. United States Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995)). A complaint asserting only state-law claims on its face is no barrier to removal because Congress has "so sweepingly occup[ied] a field of regulatory interest that any claim brought within that field, however stated in the complaint, is a federal claim." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005). The federal courts have subject matter jurisdiction under Section 502 of ERISA when an employee brings a state law claim he or she could have brought under Section 502(a) and no other legal duty supports the employee's claim. *Pasack Valley Hosp. v. Local 464 UFCW Welfare Retirement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (remanding case based on lack of standing).

Thus, "any claim that comes within the scope [of ERISA] is deemed to 'arise under' federal law notwithstanding the nature of the claim." *Allocca v. Wachovia*, No. 05-0366, 2005 U.S. Dist. LEXIS 26456, *5 (D.N.J. Nov. 4, 2005) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir. 2001)). A claim challenging the eligibility for benefits falls within the scope of Section 502(a) of ERISA. *Levine*, 402 F.3d at 162. The Third Circuit has recognized that, if a purported state-law claim "is one that falls within Section 502(a) of ERISA, removal to federal court is proper." *Id.* at 162;

*see also Pasack Valley Hosp.*, 388 F.3d at 398 ("[S]tate law causes of action that are 'within the scope of § 502(a)' are completely preempted and therefore removable to federal court.") (quoting *Taylor*, 481 U.S. at 66 (alteration omitted)).

>    2.   Section 502(a) Provides a Cause of Action for ERISA-Plan Participants or Beneficiaries to Recover Benefits, Enforce Their Rights, or Clarify Their Rights under the Plan.

Section 502(a)(1)(B) of ERISA provides that an ERISA-plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A plan, as the term is used in Section 502(a), is an "employee benefit plan," defined in part as "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, . . . (A) medical, surgical, or hospital care or benefits . . . ." *Id.* at § 1002(1), (3). It may also be a plan, fund, or program established by an employer to the extent that it "provides retirement income to employees." *Id.* at § 1002(2)(a)(i), (3). A "participant" is "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . , or whose beneficiaries may be eligible to receive any such benefit." *Id.* at § 1002(7). A beneficiary is someone designated by a participant or by the terms of a plan that is or may become entitled to a plan benefit. *Id.* at § 1002(8).

Taken together, these terms make clear that, under Section 502(a), an individual who is or may become eligible to receive a benefit under the terms of a plan, fund, or program established by an employer in order to provide health or retirement income for plan participants or beneficiaries may file suit in a federal court to recover a claimed plan benefit or to determine

his or her rights to such a benefit.  Indeed, because of ERISA's broad preemptive power, Section 502(a) is the only avenue for such an individual to bring a claim related to his or her claimed or unclear benefits.

> 3.  Plaintiff's Claims Are within the Scope of Section 502(a).

Here, Plaintiff is seeking benefits under what she describes as Comcast's "standard retirement package."  (Compl. ¶ 7 [Dkt. #1, Ex. A]).  Specifically, she claims that this package consists of three years of cable at a reduced price and a monthly stipend of a fixed amount "towards the cost of Plaintiff's monthly health care insurance premium."  (*Id.* at ¶¶ 8-9, 61).   The medical benefits described by Plaintiff are provided to certain employees through the Comcast Post-Retirement Health Care & Retiree Reimbursement Plan (the "Plan"), an ERISA plan.[2]  (*See* Ex. 1 to Declaration of Megan Humm ("Humm Decl."), attached hereto as Exhibit A).  Thus, through her state law claims, Plaintiff attempting to recover benefits that Comcast provides to employees through an ERISA plan.

In similar circumstances, courts have consistently found such claims within the scope of Section 502(a) and thus subject to federal jurisdiction.  *See Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 2d 552, 559 (D.N.J. 1998) (finding breach of contract and bad faith claims preempted by ERISA and acknowledging that "[c]ourts have found state common law tort and breach of contract actions preempted" by Section 502(a)); *Lamonica v. Guardian Life Ins. Co. of Am.*, No. 96-6020, 1997 U.S. Dist. LEXIS 1988, at *7-15 (D.N.J. Feb. 20, 1997) (finding claims including nonpayment of medical benefits, tort of bad faith, and negligent/intentional infliction of emotional distress preempted by Section 502(a)).  For example, in *Allocca v. Wachovia*,

---

[2]   In reviewing a pleading, a court may consider the pleading itself and documents that are "integral or explicitly relied upon in the complaint."  *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010).

plaintiff claimed that his employer breached a contract in which he had been promised benefits above and beyond those provided by the company's ERISA benefit plans.  *See* No. 05-0366, 2005 U.S. Dist. LEXIS 26456, at *8-9.  The court reasoned that any determination of benefits due under New Jersey contract law would be "inseparably connected to a determination of the benefits provided by the ERISA plans and necessarily require a determination of Plaintiff's benefit due under the terms of defendants' ERISA plans as incorporate through the Agreement." *Id*. at *11 (internal quotations omitted).  Accordingly, the court concluded the breach of contract claim had a "clear relationship to defendants' ERISA covered plan" and was preempted under Section 502(a), because any liability was dependent upon the benefits due to the plaintiff under the defendant's ERISA plan.  *Id.*

    The District Court for the Middle District of Alabama reached a similar conclusion in *Bridges v. Principal Life Insurance Co.*, 132 F. Supp. 2d 1325 (M.D. Ala. 2001).  There, plaintiff brought state-law fraud, breach of contract, and negligent supervision claims alleging that she was induced to purchase participation in a retirement plan through misrepresentation.  *See* 132 F. Supp. 2d at 1327.  Plaintiff made myriad allegations concerning her interactions with the insurance company and its personnel about the plan and the impact that those interactions had on her.  *Id.* at 1330.  Nevertheless, the court refused plaintiff's motion to remand because it could not determine the validity of her claims without referring to the benefit plan itself, both in order to assess the truth of statements that had been made to plaintiff regarding the policy and to determine if an oral contract about the policy had been formed.  *Id.*  Thus, the court had subject matter jurisdiction under Section 502(a) of ERISA.  *Id.* at 1330-31.

    Here, Plaintiff claims that an alleged oral contract between her and a Comcast employee entitles her to receive the benefits that Comcast offers to employees through the Plan.

(Compl. [Dkt. #1] at ¶¶ 8-9, 36-42, ¶ 45 (referring to contract that Comcast allegedly "entered into with Plaintiff as to her retirement benefits")).  The Plan is an ERISA plan as that term is defined by the statute.  *See* 29 U.S.C. § 1002(1) – (3).  (*See also* Ex. 2 to Humm Decl. at 2).  Thus, Plaintiff's breach of contract and related claims for benefits described in Comcast's "standard retirement package" are claims for benefits under an ERISA plan.  *See Allocca*, 2005 U.S. Dist. LEXIS 26456, at *11.  Accordingly, those claims are properly brought under Section 502(a), and are completely preempted by ERISA and properly before this Court.  *Id.* at *14.

## IV.     CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court determine that it has jurisdiction over Plaintiff's claims and permit Comcast leave to renew its previously filed Motion to Dismiss.

Dated: June 9, 2015

Respectfully submitted,

s/ Frank A. Chernak
Frank A. Chernak
Christopher T. Cognato
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1163
Telephone: 856.761.3400
Facsimile: 856.761.1020

Attorneys for Defendant
Comcast Cable Communications
Management, LLC

## CERTIFICATE OF SERVICE

I, Frank A. Chernak, hereby certify that on this 9th day of June 2015, a true and correct copy of the foregoing Defendant's Supplemental Brief Regarding Removal has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing and first class mail:

>Roger A. Barbour, Esq.
>Barbour & Associates, LLC
>10 N. Chestnut Avenue
>Maple Shade, NJ 08052
>
>*Attorney for Plaintiff*

Date: June 9, 2015                       s/ Frank A. Chernak
                                         Frank A. Chernak