UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

THERESA SAUTTER,

               Plaintiff,             Civil No. 14-5729 (NLH/KMW)

v.

COMCAST CABLE COMPANY,        **OPINION**

               Defendant.
_____

**APPEARANCES:**

Roger A. Barbour, Esquire
Barbour & Associates LLC
10 North Chestnut Avenue
Maple Shade, New Jersey 08052

     *Attorneys for Plaintiff*

Frank A. Chernak, Esquire
Ballard Spahr LLP
210 Lake Drive East
Suite 200
Cherry Hill, New Jersey 08002

     *and*

Christopher T. Cognato, Esquire
Ballard Spahr LLP
1735 Market Street
51st Floor
Philadelphia, Pennsylvania 19103

     *Attorneys for Defendant*

**HILLMAN, District Judge:**

    This matter is before the Court by way of supplemental briefing ordered pursuant to the Court's Opinion and Order dated May 20, 2015. Defendant, Comcast Cable Company, removed the

action to this Court on the basis that the complaint filed by Plaintiff, Theresa Sautter, in the Superior Court of New Jersey contains a cause of action for alleged failure to provide Plaintiff with benefits pursuant to a retirement plan that is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and, as such, is predicated upon a federal question.  The Court, however, determined that it was not clear that the action was properly removed, and thus required supplemental briefing to determine whether this Court may exercise subject matter jurisdiction over the matter.

The Court has reviewed the supplemental submissions of the parties.  For the reasons that follow, the Court finds that the matter was properly removed on the basis of complete preemption under Section 502(a) of ERISA.

I.   <u>BACKGROUND</u>

As the facts of this case were set forth in the May 20, 2015 Opinion, the Court only briefly summarizes the background herein.  Plaintiff initiated this action by filing a complaint in the Superior Court of New Jersey, Law Division, Burlington County.  She alleges in her complaint that she was employed by Defendant for twenty years and one month.  (Compl. ¶ 2.)  At the time her employment with Defendant ceased, she was two months shy of her fifty-seventh birthday.  (<u>Id.</u> ¶ 3.)  According to Plaintiff, the Human Resources Manager, Magda Carroll, advised

Plaintiff that she did not have to wait until she turned fifty-
seven to retire, but could retire immediately and still receive
Defendant's standard retirement package, which included cable
service at a reduced rate and a monthly stipend towards the cost
of Plaintiff's health care insurance premium.  (Id. ¶¶ 7, 8.)
In reliance upon the advice of Carroll, Plaintiff avers that she
retired immediately rather than waiting two months until she
turned fifty-seven.  (Id. ¶¶ 14, 40.)  Defendant apparently has
not provided Plaintiff with the benefits that she was told she
would receive.  (Id. ¶ 41.)

Based on the foregoing, Plaintiff asserted eight counts for
alleged state law violations.  These counts include negligence,
unjust enrichment, "agent breaching duty to principal," breach
of contract, breach of implied covenant of good faith and fair
dealing, detrimental reliance, promissory estoppel, and implied
contract in-fact.  Defendant moved to dismiss the complaint on
the basis that these claims are preempted under Section 514 of
ERISA.  However, this section of ERISA does not provide for
complete preemption warranting removal of the action to federal
court.  Because the Court was unable to determine whether the
matter was properly removed, it denied the motion to dismiss
without prejudice and required Defendant to demonstrate that
removal on the basis of ERISA preemption was appropriate.

II.  <u>**ANALYSIS**</u>

The Court discussed the principles of ERISA preemption at length in the May 20, 2015 Opinion and incorporates such discussion herein.  Generally, Section 502(a) of ERISA "'is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.''"  <u>Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan</u>, 388 F.3d 393, 399-400 (3d Cir. 2004) (quoting <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004)), <u>cert. denied</u>, 546 U.S. 813, 126 S. Ct. 336, 163 L. Ed. 2d 48 (2005); <u>see also</u> <u>Dukes v. United States Healthcare, Inc.</u>, 57 F.3d 350, 354 (3d Cir. 1995) ("The Supreme Court has determined that Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil-enforcement provisions").  "As a result, state law causes of action that are 'within the scope of . . . § 502(a)' are completely pre-empted and therefore removable to federal court."  <u>Pascack Valley Hosp.</u>, 388 F.3d at 400 (internal citations omitted).  Under Section 502, a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).

Section 514 of ERISA also provides for preemption of state law claims that relate to any covered employee benefit plan. 29 U.S.C. § 1144(a). However, unlike Section 502(a), which is jurisdictional and creates a basis for removal to federal court, preemption under Section 514 displaces state law for federal law but does not confer federal jurisdiction. Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000), cert. denied, 533 U.S. 930, 121 S. Ct. 2552, 150 L. Ed. 2d 719 (2001). "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." Dukes, 57 F.3d at 355.

Defendant now argues that Plaintiff's claims are completely preempted under Section 502 of ERISA. Defendant asserts in this regard that Plaintiff seeks benefits under a "standard retirement package," including medical benefits as provided in Defendant's Post-Retirement Health Care & Retiree Reimbursement

Plan, which is an ERISA plan.[1]  Because Plaintiff is attempting
to recover benefits provided through an ERISA plan, Defendant
contends that Section 502(a) preempts Plaintiff's claims in this
case.

    In opposition, Plaintiff concedes that her claims may be
brought under Section 502(a) but argues that she is not limited
to asserting a federal claim.  Plaintiff cites a number of cases
in which courts found, under different statutory schemes, that
state law claims were not preempted, but she cites no authority
concerning ERISA preemption.  Plaintiff also argues that in
deciding preemption issues, the Court should focus on the
conduct of the parties rather than the statutory language and
congressional intent.

    As noted above, Section 502(a) of ERISA has "'extraordinary
pre-emptive power.'"  Pascack Valley Hosp., 388 F.3d at 399–400.
The Supreme Court, after considering Congress' purpose of
"creating a comprehensive statute for the regulation of employee
benefit plans[,]" has noted that "any state-law cause of action
that duplicates, supplements, or supplants the ERISA civil
enforcement remedy conflicts with the clear congressional intent
to make the ERISA remedy exclusive and is therefore pre-empted."

---

[1] Defendant attached a copy of the Plan to its supplemental
brief.  Plaintiff does not dispute Defendant's representation
that the Post-Retirement Health Care & Retiree Reimbursement
Plan is an ERISA-governed plan.

Aetna Health, 542 U.S. at 208-09, 124 S. Ct. 2488.  In light of the Supreme Court's decision in Aetna Health, the Court has no discretion to ignore the statutory language and congressional intent and instead allow Plaintiff to assert state law claims.

The Court finds that Plaintiff's state law claims, at least in part, are preempted under Section 502(a).  Plaintiff alleges that Defendant failed to provide her with its standard retirement package, which included a monthly stipend toward the cost of Plaintiff's health care insurance premium.  The source of this benefit appears to be the Post-Retirement Health Care & Retiree Reimbursement Plan, an ERISA plan.[2]  In this regard, the program description states: "The Comcast Post-Retirement Health Care & Retiree Reimbursement Account Program ("Retirement Program") assists eligible Retirees . . . in financing the cost of post-retirement health care plan coverage while providing the freedom to choose the health care plan coverage that works best for them."  The Retirement Program includes a Retiree Reimbursement Account, which "can be used for after-tax insurance premiums for medical, prescription drug, dental and

---

[2] The Court can consider this document, even though not attached to the complaint, in deciding whether subject matter jurisdiction exists.  See Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (noting that when court's jurisdiction is at issue, court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and need not credit allegations in complaint).

vision coverage[.]"  The benefit amount is calculated in accordance with a formula that accounts for the employee's age and completed months of benefit service at age of retirement.

Because Plaintiff's causes of action are based on Defendant's alleged refusal to provide a monthly stipend for health insurance premiums, which benefit is conferred pursuant to Defendant's ERISA plan, she is seeking to recover a benefit provided under the plan.  Her claims, therefore, overlap with Section 502(a)'s cause of action for claims by a plan participant or beneficiary "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan[.]"  29 U.S.C. § 1132(a)(1)(B).

Indeed, in order for this Court to adjudicate Plaintiff's claims, it would have to consult the terms of the plan to determine whether the benefits Plaintiff seeks are provided by the plan.  The representation by Carroll that Plaintiff would be entitled to her retirement benefits under the plan even if she retired two months early necessarily requires a showing that Plaintiff was entitled to payment of a certain amount of funds under the plan.  Accordingly, Plaintiff's claims, to the extent

they are based on Defendant's failure to provide a monthly
stipend towards insurance premiums, must be deemed preempted.[3]

   Many federal courts have addressed claims similar to those
asserted in this action and have likewise concluded that such
claims are completely preempted under ERISA.  For example, in
Warren v. Blue Cross & Blue Shield of South Carolina, 129 F.3d
118, 1997 WL 701413, at *1 (4th Cir. 1997), the plaintiff
entered into an agreement to retire at age 53 but, at the time
of the agreement, was allegedly promised a lump sum payment that
would otherwise have been due to him at age 55 under the
company's ERISA plan if he remained employed.  Id.  He
subsequently learned that he would not be receiving the lump sum
payment and filed state law claims for fraudulent inducement and
negligent misrepresentation based on the employer's
representation regarding his retirement benefits.  Id.  The
Fourth Circuit held that Section 502(a) completely preempted the
plaintiff's state law claims, thereby providing a basis for
removal jurisdiction.  Id. at *4.

---

[3] Plaintiff alleges that she was promised cable television at a
reduced rate of service as part of Defendant's standard
retirement package.  There is no evidence that such benefits are
provided under an ERISA plan.  Accordingly, at this time the
Court does not conclude that Plaintiff's claims – to the extent
they are based on a failure to provide a discount on cable
service – are preempted under ERISA.  Nonetheless, because
Plaintiff's claims in part are based on a benefit provided under
an ERISA plan, the Court has federal jurisdiction over this
action.

Similarly, in Miller v. U.S. Foodservice, 323 F. Supp. 2d 665, 666(D. Md. 2004), the plaintiff resigned at the defendant's request, but to "induce" his resignation the employer purportedly promised several benefits, including that the employee would be vested in the company's retirement plan, which was governed by ERISA.  When the defendants reneged on these promises, the plaintiff filed suit in state court alleging breach of contract, fraudulent inducement, negligent misrepresentation, and promissory estoppel.  Id. at 667.  The district court found that claims based on oral promises by the employer about what the plaintiff would receive under the retirement plan are subject to ERISA preemption.  Id. at 668. In so finding, the district court noted that the plaintiff's "claims implicate the interpretation of an ERISA-governed plan, and adjudicating them will not be possible without determining, at a minimum, whether a letter or oral promise may create an entitlement under the plan."  Id.; see also Morris v. Gen. Motors Corp., No. 1:03-CV-153, 2004 WL 3177943, at *3-4 (N.D. Ga. Sept. 30, 2004) (plaintiff's claim for negligent misrepresentation preempted under Section 502 where plaintiff alleged that she relied on erroneous information from employer in making her decision to retire).

Having found that Plaintiffs' claims -- to the extent they are based on the failure of Defendant to pay a portion of health

insurance premiums -- are completely preempted under Section 502(a), the Court finds that subject matter jurisdiction exists and the case was properly removed.  In so finding, however, the Court questions whether the claims at this time should be dismissed with leave to amend to explicitly state an ERISA claim, or whether the claims should simply be converted into an ERISA claim.  See Murphy v. Metropolitan Life Ins. Co., 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001).  While perhaps generally more efficient to convert the claims, the Court finds that here, where Plaintiff's claims for failure to provide cable service at a discounted rate do not appear to be preempted under ERISA,[4] an amended complaint that separately delineates the ERISA claims from the remaining claims would make litigation more efficient. The complaint will therefore be dismissed without prejudice, and Plaintiff will be provided an opportunity to file an amended complaint.

   An Order consistent with this Opinion will be entered.


                                    __s/ Noel L. Hillman____
                                    NOEL L. HILLMAN, U.S.D.J.
Dated: October 1, 2015

At Camden, New Jersey

---

[4] The Court at this time does not make a finding as to whether discounted cable service was a benefit under an ERISA plan, but notes only that it does not appear to have been a benefit based on the record currently before the Court.